IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:10-792-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Escanio Bicuna-Rios, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. The Government has moved to dismiss the motion as untimely filed. Defendant has responded in opposition to the Government's motion.

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the statute, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

1

The Judgment Order containing Defendant's sentence was entered March 11, 2010. Defendant filed an appeal to the Fourth Circuit Court of Appeals, which was dismissed. Defendant thereafter filed a petition for writ of certiorari to the United States Supreme Court which was denied November 14, 2011. *See United States v. Bicuna-Rios*, __ U.S. __, 132 S. Ct. 599 (2011). Defendant's motion for relief was filed September 13, 2013.[1] Therefore, Defendant's motion is untimely under the statutory provisions of § 2255.

The Supreme Court has determined that the time limit for the filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010).[2] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

---

[1]On September 13, 2013, Defendant placed a Motion for Relief Pursuant to Rule 60(b)(6) in the prison mail system at CCA Eden. ECF No. 185. This motion was received in the District of South Carolina on September 16, 2013. On September 18, 2013, the court issued an order, pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), notifying Defendant that it intended to construe his motion as a motion for relief under 28 U.S.C. § 2255 and providing him an opportunity to amend his motion, if he so chose, to include all grounds for relief he intended to pursue. On October 2, 2013, Defendant placed a motion for relief under § 2255 in the prison mail system, and it was received by the Clerk of Court for filing on October 7, 2013. ECF No. 188. Accordingly, the court finds that the motion filed September 13, 2013, should be the date used to calculate the filing date of Defendant's motion for relief under § 2255.

[2]*Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g., United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

In response to the Government's motion to dismiss, Defendant argues the merits of his motion, and fails to provide any reason why equitable tolling should apply to his motion for relief.

Accordingly, the Government's motion to dismiss is **granted** and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 4, 2013

3